## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ben Berlin, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br> -v.-<br>Cedars Business Services, LLC,<br><br>      Defendant(s). | Civil Action No: 2:21-cv-10216<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ben Berlin, improperly named Don Berlin on the collection letter and (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Cedars Business Services, LLC (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), located at 5230 Las Virgenes Road, Suite 210, Calabasas, CA, 91302.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individual consumers in the State of New Jersey;

    b. to whom Defendant sent an in initial collection letter attempting to collect a consumer debt;

    c. in which Defendant lists "Legal Fee: $0.00";

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e, § l692f, and § l692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e, § l692f, and § l692g et seq.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

4

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 24, 2021, upon information and belief, an obligation was incurred by Plaintiff to the original creditor, Interstate Waste Services, Inc., for solid waste and recycling services. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes.

21. Upon information and belief, the original creditor contracted with Defendant to act as its agent in collecting the subject debt from the Plaintiff.

22. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Defendant was contracted by the original creditor for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation – March 24, 2021 Collection Letter*

25. On or about March 24, 2021, the Defendant sent the Plaintiff an initial collection letter ("Letter") regarding the alleged debt. (See Letter at Exhibit A.)

26. In the right-side margin, the Letter lists several line items, including in relevant part:

"Legal Fee: $0.00"

27. Although purportedly innocuous, this tacit inclusion of the category of legal fees is used by the Defendant to inflict fear of litigation in the mind of the Plaintiff consumer.

28. In truth, the Defendant is not a law firm nor the owner of the debt. As such, the Defendant cannot and will not bring a law suit against the Plaintiff for the underlying debt.

29. Furthermore, the original creditor has never filed a lawsuit on this size of debt and therefore has no intention of ever bringing a law suit against the Plaintiff.

30. In theory, if the debt collection efforts needed to be escalated against the Plaintiff to the point of litigation, the debt collection would need to be transferred to another entity other than the Defendant for handling.

31. Therefore, it is clear that the Defendant deceptively tried to evoke the fear of litigation in the mind of the Plaintiff. In truth, the option of a law suit was not even available to the Defendant.

32. In addition, the Defendant addressed the Letter with the first name "Don" instead of "Ben." This mistake confused the Plaintiff as he thought the account in question may not be his at all, or subject to fraud.

33. The Plaintiff incurred an informational injury as Defendant implied litigation would occur against the Plaintiff when, in truth, there was no possibility of litigation at the time the Letter was received.

34. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Defendant violated §1692e:

   a. As the letter falsely represents the character and legal status of the debt in violation of §1692e(2)(A); and

   b. As the letter threatens litigation that cannot legally be taken and/or is not intended to be taken, in violation of §1692e(5); and

   c. As the letter makes a false and misleading representation in violation of §1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692f *et seq.***

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

42. Pursuant to 15 U.S.C. § 1692f, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated this section by deceptively evoking the fear of litigation in the mind of the Plaintiff, when the option of a law suit was not even available to the Defendant.

44. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. Defendant violated this section by failing to meaningfully and properly identify the debtor, as required by §1692g in an initial collection letter.

49. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ben Berlin, individually and on behalf of all others similarly situated, demands judgment from Defendant Cedars Business Services, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 26, 2021                                                      Respectfully Submitted,

**STEIN SAKS, PLLC**

**/s/ Yaakov Saks**
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 101
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*